IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| CLEVELAND HANKERSON, | : | |
| | : | |
| Petitioner, | : | |
| | : | No. 5:91-CR-10 (CAR) |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | Proceeding under 28 U.S.C. § 1651 |
| | : | |
| Respondent. | : | |
| _____ | : | |

## ORDER ON THE RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Recommendation of the United States Magistrate Judge to deny Petitioner Cleveland Hankerson's "Motion for Relief in the Nature of a Writ of Error Coram Nobis or a Writ of Audita Querela" pursuant to the All Writs Act, 28 U.S.C. § 1651(a) [Doc. 402]. Petitioner, proceeding *pro se*, has filed an Objection to the Recommendation [Doc. 404]. Having fully considered the record in this case, and making a *de novo* determination of the portions of the Recommendation to which Petitioner objects, the Court finds his Objection to be without merit. Thus, the United States Magistrate Judge's Recommendation [Doc. 402] is hereby **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Motion for Relief [Doc. 400] is hereby **DENIED**.

In his Objection, Petitioner restates the arguments in his original Motion, which

have all been addressed by the Magistrate Judge in his Recommendation. As the Magistrate Judge explained in detail, the Court cannot issue a writ of error coram nobis or a writ of audita querela in this case. These extraordinary remedies are only available to a petitioner who has no other means of challenging his sentence.[1] Here, Petitioner may seek relief from his sentence under 28 U.S.C. § 2255, as he has before. However, because Petitioner has not obtained the Eleventh Circuit's authorization to file a successive section 2255 motion, this Court lacks jurisdiction to construe and consider the instant Motion as a successive section 2255 motion.[2] Accordingly, the Magistrate Judge's Recommendation [Doc. 402] is **ADOPTED** and **MADE THE ORDER OF THE COURT**, and Petitioner's Motion for Relief [Doc. 400] is **DENIED**.

**SO ORDERED,** this 29th day of January, 2013.

S/ C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

BBP

---

[1] *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("[A] writ of audita querela may not be granted when relief is cognizable under § 2255."); *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) ("A writ of error coram nobis is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255.").

[2] *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).

2